Troutman Pepper Hamilton Sanders LLP
301 Carnegie Center, Suite 400
Princeton, NJ  08540-6227

troutman.com



**Angelo A. Stio III**
D 609.951.4125
angelo.stio@troutman.com

April 5, 2024

**VIA ECF**

The Honorable Harvey Bartle III, U.S.D.J.
United States District Court for the
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re:     ***Atlas Data Privacy Corp., et al v. Acxiom, LLC, et al.***
         **Civil Action No. 3:24-cv-4107 (DNJ)**

Dear Judge Bartle:

This firm represents defendants Acxiom, LLC (the "Acxiom") in connection with the above-referenced matter.   We write to bring to the Court's attention an issue which has arisen with respect to efforts to prepare and file a consolidated Motion to Seal pursuant to Local Civil Rule 5.3(c).

By way of background, on March 22, 2024, Acxiom filed portions of its Notice of Removal (ECF No. 1) with redactions.  In addition, Acxiom filed under seal (a) an unredacted version of its Notice of Removal (ECF No. 2); and (b) Exhibit 1 to the Declaration of Angelo A. Stio III (ECF No. 2-1).  The items filed under seal consist of a copy of Atlas' Service Terms and specific references to the content thereof.  For context, these Service Terms are the terms allegedly agreed to by more than 19,000 "Covered Persons" and which serve the basis for Atlas' allegation that it is the assignee of these individuals' Daniel's Laws claims asserted in the Complaint.

Prior to removal, Atlas provided the Service Terms to Acxiom in response to a New Jersey Court Rule 4:18-2 request on the condition that the Service Terms would be treated as confidential and used only in connection with this litigation unless and until a Court rules on a Motion for Entry of a Protective Order.  To honor that condition, although Acxiom does not consider the documents to be confidential, Acxiom filed the Service Terms and any specific reference to the content thereof in its Notice of Removal under seal as ECF Nos. 2 and 2-1.   Acxiom, however, disputes that the Service Terms are confidential.

**The Honorable Harvey Bartle, U.S.D.J.**
April 5, 2024
Page 2



Earlier this week, Acxiom attempted to meet and confer with Plaintiffs' counsel in order to submit a consolidated Motion to Seal as contemplated by Local Civil Rule 5.3(c)(1) and (2)(i). As part of that effort, we provided Plaintiffs' counsel with template motion papers and requested that Plaintiffs supply the information necessary to identify the basis for sealing ECF Nos. 2 and 2-1 and to identify a clearly defined and serious injury that would result if the items did not remain sealed. As of the filing of this letter, we have not received the requested information, and Plaintiffs' counsel has instead indicated they do not intend to participate in the required process and instead proposed an argumentative "statement" inconsistent with the requirements of Local Civil Rule 5.3(c)(1) and (2)(i).

Therefore, we write to the Court to advise that, despite their good faith efforts to meet and confer concerning a Motion to Seal, Acxiom is unable to complete the index required by the Local Civil Rule 5.3(c)(3) or otherwise file a Motion to Seal today.

Thank you for the Court's attention to this matter. Should Your Honor have any questions or wish to conduct a call to discuss this issue further, please do not hesitate to let us know.

Respectfully submitted,

/s/ Angelo A. Stio, III
Angelo A. Stio, III

cc:    Ronald I. Raether, Jr., Esq.
       Timothy St. George, Esq.
       Mark Mao, Esq.
       Rajiv Parikh, Esq.
       John Yanchunis, Esq.